IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HOMEPSIRE MORTGAGE CORPORATION )
9711 Washingtonian Blvd., Suite 500 )
Gaithersburg, MD 20878 )
)
                Plaintiff )
)
v. )       Civil Case No. _____
)
KIMBERLY JAMES )
1430 Lake Heron Drive )
Virginia Beach, VA  23464 )
)
DAWN V. BAILEY )
5481 Memorial Drive )
Virginia Beach, VA  23455 )
)
JENNIFER FRANKLIN )
a/k/a or f/ka/ Jennifer Sue Franklin, Jennifer )
Bennett Franklin, Jennifer Sue Bennett and/or )
Jennifer Sue Rice )
780 Lynnhaven Parkway, Suite 400 )
Virginia Beach, VA 23452 )
)
DAVID KAMINSKY )
5020 Riverside Drive, Suite 300 )
Irving, TX 75039 )
Serve: Secretary of the Commonwealth of Virginia )
)
PLANET HOME LENDING, LLC )
321 Research Parkway, Suite 303 )
Meriden, CT 06450 )
Serve:  Corporation Service Company, )
        Registered Agent )
        100 Shockoe Slip, Fl. 2 )
        Richmond, VA 23219 )
)
                Defendants )

<u>COMPLAINT</u>

Plaintiff, Homespire Mortgage Corporation, for its Complaint against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and Planet Home Lending, LLC, states as follows:

<u>PARTIES</u>

1.      Plaintiff, Homespire Mortgage Corporation ("Homespire") is a Maryland corporation with its principal place of business at 9711 Washingtonian Blvd., Suite 500, Gaithersburg, Maryland.

2.      Defendant, Kimberly James ("James") is an individual and is a Virginia resident.

3.      Defendant, Dawn Bailey ("Bailey") is an individual and is a Virginia resident.

4.      Defendant, Jennifer Franklin a/k/a or f/ka/ Jennifer Sue Franklin, Jennifer, Bennett Franklin, Jennifer Sue Bennett and/or Jennifer Sue Rice, is an individual and is a Virginia resident.

5.      Defendant David Kaminsky ("Kaminsky") is an individual and, on information and belief, is a Texas resident.  This Court has personal jurisdiction over Kaminsky because, as more fully set forth below, Kaminsky regularly conducts business in Virginia, and the controversy herein arises from the specific transactions complained of herein in which Kaminsky purposefully directed his activities of "partnering" with James and Bailey to wrongfully divert Homespire's customers and prospective customers seeking mortgage loans in Virginia to PHL by and through PHL's Virginia office.

6.      Defendant, PHL is a Delaware limited liability company. This Court has personal jurisdiction over PHL because, PHL is authorized to and does regularly transact business in the Commonwealth of Virginia, including at its Virginia Beach office located at 780 Lynnhaven Parkway, Suite 400, Virginia Beach, VA 23452, and by and through other of its mortgage loan originators, such as Kaminsky, and other employees located in Texas and other states, and because the controversy herein arises out of and is related to PHL's contacts with the

2

Commonwealth of Virginia.  On information and belief, (i) PHL's sole member is Green Planet Mortgage, LLC, a Delaware limited liability company, and the sole member of Green Planet Mortgage, LLC is Planet Financial Group, LLC, a Delaware limited liability company.

JURISDICTION AND VENUE

7.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because (i) it is between citizens of different States, and (ii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The Court possesses supplemental jurisdiction as to certain contract claims against James and Bailey for recovery of advances paid to each of them, pursuant to 28 U.S.C. § 1367(a).

8.      Venue is appropriate in this Division pursuant to 28 U.S.C. § 1391 because, on information and belief, James, Bailey and Franklin reside in this Division, and PHL maintains a branch office in this Division, and it is where a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

FACTUAL BACKGROUND

**A.      Homespire, James and Bailey**

9.      Homespire is a mortgage lender with branch offices in numerous states, including Virginia.  The names and contact information of persons solicited by or referred to Homespire for mortgage loans, and that make application for mortgage loans, is confidential information of Homespire that is not generally known to other persons or entities, or readily ascertainable by proper means by others.

10.      Homespire employed James as a licensed mortgage loan originator in its Virginia Beach branch office beginning on or about December 2, 2019. At the time of her hire, James signed an Employment Agreement dated December 2, 2019, a copy of which is attached hereto as Exhibit 1.

11.     Homespire employed Bailey as a licensed mortgage loan originator and branch manager of its Virginia Beach branch office beginning on or about November 18, 2019. At the time of her hire, Bailey signed an Employment Agreement dated November 12, 2019, which was ratified by Homespire on November 18, 2019, a copy of which is attached hereto as Exhibit 1.

12.     James' and Bailey's Employment Agreements each contained, *inter alia*, the following provisions:

Section 1:

A.      Employee acknowledges that, in connection with Employee's employment with Employer, and in consideration of this Agreement, Employee will receive substantial consideration, including, but not limited to Commissions and or Salary, training, confidential and proprietary information and trade secrets. Such benefits are conferred by Employer upon Employee only because and on condition of Employee's willingness to commit his or her best efforts and loyalty to Employer and specifically upon the promise that Employee will NOT while in the employ of Employer enter the employ or otherwise perform work or services for any enterprise in competition with Employer.

Section 4:

Employee understands that he or she owes a duty of loyalty to the Employer during the term of this Agreement."

Section 5:

A.      Except on behalf of Employer, during Employee's employment with Employer and for a period of twenty-four (24) months following termination of employment, either voluntarily or involuntarily, Employee shall neither directly nor indirectly contact, solicit, nor induce any person, corporation, or other entity to contact or solicit, any person or entity who, or which, at any time during the term of Employee's employment or at the time of Employee's termination, was a customer, a prospective customer, or a referral from a customer or prospective customer or referral source of Employer. The term "prospective" includes a person or entity who or which was contacted by Employer or ˑ by someone on behalf of Employer, during the term of Employee's employment for the purposes of soliciting or obtaining mortgage loan business.

B.      Employee shall not, directly or indirectly, solicit, induce or encourage any person either to leave the employ of Employer or to seek, obtain or accept employment with any person or entity other than Employer during the employment

term and for a period of twenty-four (24) months following termination of employment, whether voluntarily or involuntarily. This restriction shall not apply to those employees who were introduced to Employer by Employee and/or hired to assist Employee. The employees who are not subject to this restriction shall likewise be permitted to work with or for Employee and will not be bound by any restriction in their own employment agreement.

Section 7:

A. Immediately upon or prior to the termination of employment with Employer, Employee agrees to return to Employer, and not keep a copy of, all confidential or proprietary information, including copies thereof, made, used or obtained by Employee in connection with his or her employment with Employer.

B. Immediately upon or prior to termination of employment with Employer, Employee agrees to return to Employer the following:
(1) the entire Loan file, any copies thereof or copies of portions thereof, and any related documentation for every Loan in process or funded by the employee under the name of New America Financial Corporation or under Employer's license and (2) all materials containing Employer's name, logo or trademark;

D. Upon notice of Employee's departure Employee agrees to provide Employer with a list of all Loans in Employee's pipeline or being processed under Employer's name. This list shall identify: (1) the name, address and telephone number of the borrower; (2) the address or the property to be secured by the loan; (3) the name, address and telephone number of the lender; and (4) the amount of the loan. In addition, Employee agrees not to: (1) initiate or accept applications for or process any new loans under Employer's name; (2) or (2) conduct any further business under the name of Employer, any name similar to the name of Employer, or any name similar to those names or combinations of letters identified herein. It is the intention of the Parties that during the thirty (30) day notice period, Employee will finalize loans in Employer's name and be compensated in accordance with the terms of this Agreement.

13.    On Friday, April 10, 2020, without any prior notice to Homespire, James gave Homespire notice of her resignation effective that same day, April 10, 2020.  On Monday, April 13, 2020, James became an employee of PHL.

14.    On April 28, 2020, without any prior notice to Homespire, Bailey gave Homespire notice of her resignation effective that same day, April 28, 2020.  On or about April 29, 2020, Bailey became an employee of PHL.

15.     On information and belief, James and Bailey solicited, induced and/or encouraged one another to leave the employ of Homespire and/or to seek employment with PHL.

**B.     PHL, Franklin and Kaminsky**

16.     Planet represents itself to be "a national mortgage lender and servicer, assisting borrowers across America with their home purchase and refinance needs. As an industry leader, it provides expertise in a wide range of traditional and government mortgage programs and services mortgage loans for GNMA, FNMA, FHLMC, and private investors."

17.     Franklin is a licensed mortgage loan originator, an employee of PHL and represents herself as a/the manager of PHL's Virginia Beach branch office.

18.     Kaminsky is an employee of PHL.  According the Nationwide Multistate Licensing System ("NMLS"),[1] Kaminsky is licensed as a mortgage loan originator in 35 states, including Virginia.  Kaminsky's profile page on PHL's website lists dozens of "customer reviews" of Kaminsky. The profile page attributes numerous customer reviews to customers, identified by first names, in numerous cities and counties in Virginia.  Indeed, Kaminsky's profile lists far more reviews of customers from locations outside of Texas from than inside of Texas.

19.     On information and belief, PHL utilizes, enables or encourages Kaminsky to be a "transition" loan originator to "partner" with incoming employees of PHL, such as James and

---

[1] According to NMLS' website, NMLS is the system of record for non-depository, financial services licensing or registration in participating state agencies. In these jurisdictions, NMLS is the sole system of licensure for mortgage companies for 58 state agencies and the sole system of licensure for Mortgage Loan Originators (MLOs) for 59 state and territorial agencies.  NMLS is also the system of record for the registration of MLOs under the Consumer Financial Protection Bureau's Regulation G (S.A.F.E. Mortgage Licensing Act – Federal Registration of Residential Mortgage Loan Originators), published December 19, 2011.  https://nationwidelicensingsystem.org/about/Pages/default.aspx

Bailey, to improperly steer, place or "transition" actual and prospective mortgage loan applicants of those incoming PHL  employees' current employers, including Homespire, to PHL.  This Court has personal jurisdiction over Kaminsky because, as more fully set forth below, he purposefully directed his activities of "partnering" with James and Bailey to "transition" actual and potential mortgage loan applicants of Homespire to PHL in the Commonwealth of Virginia.

20.     On information and belief, in connection with its hiring of James and Bailey, PHL was aware of the existence of, if not the terms of, the Employment Agreements between Homespire and James and Bailey.  Certainly, upon the hiring of James on April 13, 2020, PHL by and through James, had actual knowledge of the Employment Agreements between Homespire and James and Bailey.

**C.**      **James', Franklin's and Kaminsky's Theft of Homespire Business**

21.     Beginning at least in March, 2020, in preparation for her employment with PHL, James began steering actual and potential mortgage loan applicants, i.e., customers, of Homespire to PHL through Kaminsky and Franklin.

22.     Specifically, on March 24, 2020, Homespire received a request from a PHL loan processor based in California to transfer a loan application originated by James (for a loan in Virginia) to PHL.  James, with the assistance of Bailey, thereafter actively facilitated the transfer of that application to PHL.

23.     Further, James directed new customers to make applications through her "partners" at PHL, Franklin and/or Kaminsky.  James sent emails advising of her future "transition" to PHL, and provided Franklin's and Kaminsky's contact points and even directed at least one Homespire customer to PHL's on-line application portal.  For example, James sent the following emails:

**From:** Kimberly James < kjames@homespiremortgage.com >

**Sent:** Wednesday, April 1, 2020 10:02 AM
**To:** chandal@empowergroupva.com ; Jennifer Franklin < jfranklin@planethomelending.com >
**Subject:** Burke & Cristina (Sunny) Martin
Hi Chandal! Meet Jen!
Hi Jen! Meet Chandal!

Jen will be helping you with Burke and Sunny's VA Renovation loan. All of her contact information is below.

Jennifer Franklin
Plant Home Lending
Branch Manager
757-717-6789

Jen, when you are able to provide Chandal with a preapproval letter so she can send to the selling agent, that would be great.
Thanks so much!

Kim

* * *

**From:** Kimberly James [ mailto:kjames@homespiremortgage.com ]
**Sent:** Monday, April 6, 2020 5:01 PM
**To:** Rob Pless < Rob@Sanctuaryrealtyva.com >
**Subject:** RE: 419.pdf
Hi Rob!
Thank you for sending Mr. Pomeroy my way! I am working on putting some information together for him now.  I wanted to let you know that I will be moving to another company at some point this month. I love the company I currently work for, but as of late the rates have not been competitive. I am always making decisions based on how my clients will benefit and at this point, change is imperative. Having said that, I will be partnering with another loan officer during my transition. I will of course be offering the same great service you and your clients have been accustomed to. And will be able to offer them the most competitive rates in the area! I hope you are staying well through this time. If there is anything I can do for you, please let me know!

* * *

**From:** Kimberly James [ mailto:kjames@homespiremortgage.com ]
**Sent:** Tuesday, April 7, 2020 11:53 AM
**To:** Rob Pless < Rob@Sanctuaryrealtyva.com >
**Subject:** RE: 419.pdf
Hi Rob,
I just wanted to let you know that my transition partner to my new company is David Kaminsky at Planet Home Lending. He will be handling the application, preapproval, and moving the loan forward. I will be actively involved in the process from start to finish. Just wanted to make sure you know who the preapproval will be coming from once the application is received.
If you need anything else or have any questions, let me know and I am happy to help!
Have a great day,
Kim

* * *

8

**From:** Kimberly James < kjames@homespiremortgage.com >
**Sent:** Wednesday, April 8, 2020 3:13:50 PM
**To:** Kat Contreras < kcontreras@titlequest.net >; Tracy Thayer < tracy@thethayerteam.net >
**Cc:** Renee Bishop < rbishop@titlequest.net >
**Subject:** RE: 100 Kitty Dr.
You got it!
FYI… the title order will be coming from David or Noelle from Planet Home Lending, as I am in the process of transitioning there.
Shhhhhh!
Thanks! You too!
Kim[2]

* * *

Date: Tue, 7 Apr 2020 19:18:40 +0000
From: Kimberly James <kjames@homespiremortgage.com>
To: "nikki.barb2017@outlook.com" <nikki.barb2017@outlook.com>
Subject: Application Link
Hi Nikki!
So great chatting with you this afternoon! I look forward to helping you with your preapproval and getting you into your new home, partnering with Chris Fritts.
As promised, the link to apply with my partner David is below. Feel free to reach out to me with any questions you have. I will be on a call from 5p-6p but can be free outside of that if needed.
https://planethomelending.com/mortgage-loan-officers/texas/irving/david-kaminsky/
Click in the green Apply Now button to complete the secured online application.
Have a great night,
Kim

* * *

Date: Wed, 8 Apr 2020 12:56:52 -0400
From: Ryan Martin <rmart1988@gmail.com>
To: Kimberly James <kjames@homespiremortgage.com>
Subject: Re: Application Link
Hello Kim, I just completed the application. Looking forward to hearing back!
Thank you,
Ryan Martin
Sent with Shift

On Wed, Apr 8, 2020 at 12:35 PM Kimberly James < kjames@homespiremortgage.com > wrote:
Hi Ryan,

Great chatting with you this afternoon.

As promised, below is the link to my partner's website where the application can be completed.

Note: You do NOT need to provide your banking login information. You can click the "I do not wish to link account" button to bypass that.

https://planethomelending.com/mortgage-loan-officers/texas/irving/david-kaminsky/

Click on the green Apply Now button to complete the application

I look forward to helping you with your home financing!

---

[2] In response to James' April 8, 2020 email to Kat Contras, Ms. Contras wrote: "No worries!! Your secret is safe with us!!!"

Have a great day,
Kim

24.     James' April 8, 2020 email evidences her clear understanding that her actions in steering Homespire business to PHL was wrongful, a violation of her Employment Agreement and the duty of loyalty she owed to Homespire, and done with the intent to harm Homespire.

25.     Franklin and Kaminsky were aware of and actively participated in James' steering of Homespire's business to PHL.  Specifically, Franklin and/or Kaminsky and other employees of PHL located in California, Florida, Michigan, and Texas, were recipients of and responded to certain emails by and among James and Homespire's referral sources and/or customers, including providing to and requesting information and documents from the Homespire customers in order to process the loan applications steered to PHL.

26.     In the month and days leading up to her final day of employment at Homespire, James also sent from her Homespire email address to her personal email address confidential business information of Homespire, including lists and contact information of actual and prospective customers, referral sources and Homespire employees.  For example, James sent this email:[3]

Date: Tue, 31 Mar 2020 20:38:33 +0000
From: Kimberly James <kjames@homespiremortgage.com>
To: "kajames423@gmail.com" <kajames423@gmail.com>
Subject: Contacts
Attachment: default.vcf [text/directory]
Attachment: Kelley ******.vcf [text/directory]
Attachment: Emenyo ******.vcf [text/directory]
Attachment: Mortgagee ******.vcf [text/directory]
Attachment: Anna ******.vcf [text/directory]
Attachment: Ashley ******.vcf [text/directory]
Attachment: Kelly ******.vcf [text/directory]
Attachment: Fannie Mae DU Help Desk.vcf [text/directory]
Attachment: Alex ******.vcf [text/directory]
Attachment: Tina ******.vcf [text/directory]
Attachment: Jen ******.vcf [text/directory]
Attachment: Cola ******.vcf [text/directory]
Attachment: Daniel ******.vcf [text/directory]
Attachment: Gigi ******.vcf [text/directory]

---

[3]  The contacts' last names have been redacted.

Attachment: Emily -******.vcf [text/directory]
Attachment: Frank ******.vcf [text/directory]
Attachment: Miriam King.vcf [text/directory]
Attachment: Christopher ******.vcf [text/directory]
Attachment: Jeremiah ******.vcf [text/directory]

**D.**     **Bailey's, Franklin's and Kaminsky's Theft of Homespire Business**

27.     Beginning at least in April, 2020, in preparation for her employment with PHL, Bailey began steering actual and potential customers of Homespire to PHL by and through James, Kaminsky and Franklin.

28.     Specifically, Bailey directed new customers to make applications with PHL by and through Franklin, Kaminsky and/or James.  For example, Bailey sent emails advising of her future "transition" to PHL and provided Kaminsky's and James' contact points and even directed at least two Homespire customers to PHL's on-line application portals:

> Date: Mon, 20 Apr 2020 20:28:05 +0000
> From: Dawn Bailey <dbailey@homespiremortgage.com>
> To: Davifal Faltz <davidafaltz8@gmail.com>
> Subject: Pre-approval Information
> Hi Davida,
> I hope your week is off to a good start! Please kindly provide the following items at your convenience for your preapproval:
> - Email consent for pre-approval application and running your credit
> - Updated Navy Federal statement reflecting current balance with down payment funds. (all pages including any blank numbered pages)
> - Full statement for your 401K to provide as assets/ reserves
> - Name and phone number for your current property management company
>      Exact dates for occupancy at prior residence; 108 Lancaster Court. We have 3 years documented, just need the move-in and move-out dates.
> - Log-into Planet Lending online portal using log-in and temporary password to provide electronic consent for edelivery.
> -
> Link: https://planethomelending.com/mortgage-loan-officers/texas/irving/david-kaminsky/
>
> Username: your email address
> Temporary Password: Faltz5330!
>
> *  *  *
> Date: Sun, 26 Apr 2020 15:15:31 +0000
> From: Dawn Bailey <dbailey@homespiremortgage.com>
> To: "adriennebarnett19@gmail.com" <adriennebarnett19@gmail.com>
> Subject: Home Purchase Details
> Hi Adrienne,
> It's been a pleasure talking to you, I hope you're having a great Sunday so far! I am looking forward to working together and helping you and your beautiful family purchase your first home! Buying a new home can seem overwhelming, but I am here to help ease the process and make it enjoyable. When you get an opportunity, please go ahead an utilize the link below to input your basic information for your new home

11

purchase application. It will prompt you to create a new username and password, please be sure to keep this information as it will enable you to access your loan information and upload documents securely. Feel free to contact me with any questions you may have. Let me know once completed and we will plan a time to connect to discuss our financing options and details.

Also, please kindly provide the following documents for your pre-approval letter and initial underwriting review. You can either email them to me directly (I will send you a separate encrypted email to secure your confidential information) or you can securely upload them into the online portal as well.

2019 and 2018 W2's

Year to date pay stubs covering most recent 30 days of earnings

Bank or investment statements for source of down payment and reserves

Feel free to reach out anytime with any questions you may have. I will be in touch once I have received your information with the details for your pre-approval letter and . I look forward to talking to you soon. Have a great

morning!

Link to apply:

https://planethomelending.com/mortgage-loan-officers/virginia/virginia-beach/kimberly-james/

Proposed Mortgage Payment Overview: [Omitted for brevity]

29.     PHL, James, Franklin and Kaminsky were aware of and actively participated in Bailey's steering of Homespire's business to PHL.  Specifically, Franklin and/or Kaminsky and other employees of PHL located in California, Florida, Michigan, and Texas, were recipients of and responded to certain emails by and among Bailey and Homespire's referral sources and/or customers, including providing to and requesting information and documents from the Homespire customers in order to process the loan applications steered to PHL.

30.     In the month and days leading up to her final day of employment as Homespire, Bailey also sent from her Homespire email address to her personal email address confidential business information of Homespire, including contact information of actual and prospective customers.

**E.     Cease and Desist Letters and Damage to Homespire**

31.     By letter dated June 11, 2020, Homespire made demand on James to, *inter alia*, cease and desist her violations of the Employment Agreement and her duty of loyalty.  A copy of the June 11, 2020 letter to James is attached hereto as Exhibit 3.

32.     By letter dated June 11, 2020, Homespire made demand on Bailey to, *inter alia*, cease and desist her violations of the Employment Agreement and her duty of loyalty.  A copy of the June 11, 2020 letter to Bailey is attached hereto as Exhibit 4.

33.     By letter dated June 11, 2020, Homespire made demand on PHL to, *inter alia*, cease and desist from interfering in, aiding and abetting and conspiring with Homespire's former employees to breach their Employment Agreements and duty of loyalty with Homespire.  A copy of the June 11, 2020 letter to PHL is attached hereto as Exhibit 5.

34.     James, Bailey and PHL have ignored and not replied to the June 11, 2020 letters.

35.     As a direct and proximate result of defendants' actions, Homespire has to date identified the loss of actual and prospective customers, including:

> Cody Smith, Homespire loan #0120021116
> Charlotte (Herrle) Khalert, Homespire loan #0120021403
> Burke and Cristina Martin, Homespire loan #0120032404
> Thomas O'Neill, Homespire loan #0120020945
> Ekadev Pandeya, Homespire loan #0120031817
> Joseph Medina, Homespire loan #01200322282
> Ryan Martin, Homespire loan #0120921456
> Carla Carr/Linda Burnette, Homespire loan #0120020913
> Davifal (Davida) Faltz, Homespire loan #0120032038
> Max Miller, Homespire loan #0120020913
> Martin Pomeroy
> Carla Miller
> Adriene Barnett / Adrienne McClinton
> Bob and Jean Perdue
> Jasmine Moore
> Luis Ortiz
> Nikki (nikki.barb2017@outlook.com)
> Hudson
> Paul refinance
> Taylor

36.     As a direct and proximate result of defendants' actions, Homespire has suffered direct and/or special damages.

37.     All conditions precedent to the institution of this action have occurred or have been waived.

## COUNT I
Breach of Employment Agreement – Kimberly James

38.     The allegations of the preceding paragraphs are incorporated herein by reference.

39.     James and Homespire entered into a valid, enforceable contract in the form of the Employment Agreement with James.  The Employment Agreement contained provisions to protect Homespire's legitimate business interests, including, *inter alia*, the non-solicitation, duty of loyalty and confidentiality provisions.

40.     Homespire performed its obligations under the Employment Agreement by, among other things, providing James with proprietary and confidential information, access to goodwill, and continued employment and monetary compensation.

41.     James materially breached Sections 1, 4, 5 and 7 of the Employment Agreement by, *inter alia*, soliciting, transferring and/or diverting customers and prospective customers of Homespire to PHL and competing with Homespire while still employed by Homespire, by soliciting Bailey to leave the employ of Homespire and by misappropriating, transferring and retaining confidential information of Homespire.

42.     Additionally, pursuant to Pursuant to a November 11, 2019 offer of employment letter signed by James, Homespire paid to James certain guaranteed base income during the first three months of her employment.  The letter provides that the base income is fully recoverable if James ceased to be employed by Homespire, for any reason, within the first year of employment. James resigned from, and ceased to be employed by, Homespire within the first year of her employment.

43.     The total amount of the base income Homespire advanced to James in the first three months of her employment was $15,975.00, against which James earned $6,980.00.

44.     Accordingly, Homespire is entitled to recover from James, and James is obligated to reimburse Homespire, the sum of $8,995.00.

45.      By letter dated May 12, 2020, Homespire made demand on James for payment of the $8,995.00.

46.     Despite demand, James has not responded to the May 12, 2020 letter, and has not paid the $8,995.00, which sum is due and owing.

47.     As a direct and proximate result of James' breaches of the Employment Agreement and offer letter, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT II
### Breach of Duty of Loyalty and Fiduciary Duty
### (Against Kimberly James)

48.     The allegations of the preceding paragraphs are incorporated herein by reference.

49.     As an employee of Homespire, and at all times prior to the end of her employment with Homespire, James owed Homespire a common law duty of loyalty and a fiduciary duty, which duties include the duty to not to misappropriate and misuse Homespire's confidential information, not to promote James' own self-interest and the interest of her future employer, PHL, to the detriment of, and in conflict and competition with, the interests of Homespire,

50.     James breached her duty of loyalty and fiduciary duty to Homespire by misappropriating confidential information of Homespire, soliciting, transferring, and/or diverting actual and prospective customers of Homespire to PHL, and by competing with Homespire, while she was still employed by Homespire.

51.     As a direct and proximate result of James' breaches of her duty of loyalty and fiduciary duty, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

### COUNT III
Breach of Employment Agreement
(Against Dawn Bailey)

52.     The allegations of the preceding paragraphs are incorporated herein by reference.

53.     Bailey and Homespire entered into a valid, enforceable contract in the form of the Employment Agreement with Bailey.  The Employment Agreement contained provisions to protect Homespire's legitimate business interests, including, *inter alia*, the non-solicitation, duty of loyalty and confidentiality provisions.

54.     Homespire performed its obligations under the Employment Agreement by, among other things, providing Bailey with proprietary and confidential information, access to goodwill, and continued employment and monetary compensation.

55.     Bailey materially breached Sections 1, 4, 5 and 7 of the Employment Agreement by, *inter alia*, soliciting, transferring and/or diverting customers and prospective customers of Homespire to PHL and competing with Homespire while still employed by Homespire, soliciting James to leave the employ of Homespire and by misappropriating, transferring and retaining confidential information of Homespire.

56.     Additionally, pursuant to Pursuant to an October 29, 2019 offer of employment letter signed by Bailey on November 6, 2019, Homespire paid to Bailey certain guaranteed base income during the first three months of her employment.  The letter provides that the base income is fully recoverable if Bailey ceased to be employed by Homespire, for any reason, within the first year of employment.  Bailey was employed by Homespire only from November 18, 2019 until Bailey resigned on April 28, 2020.

57.     The total amount of the base income Homespire advanced and commissions paid to Bailey in the first three months of her employment was $22,500.00, against which Bailey earned and was due $6,120.00.

58.     Accordingly, Homespire is entitled to recover from Bailey, and Bailey is obligated to reimburse Homespire, the sum of $16,380.00.

59.      By email May 7, 2020, Homespire made demand on Bailey for payment of the $16,380.00.

60.     Despite demand, James has not responded to the May 12, 2020 letter, and has not paid the $8,995.00, which sum is due and owing.

61.     As a direct and proximate result of Bailey's breaches of the Employment Agreement and offer letter, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT IV
Breach of Duty of Loyalty and Fiduciary Duty
(Against Dawn Bailey)

62.     The allegations of the preceding paragraphs are incorporated herein by reference.

63.     As an employee of Homespire, and at all times prior to the end of her employment with Homespire, Bailey owed Homespire a common law duty of loyalty and a fiduciary duty, which duties include the duty to not to misappropriate and misuse Homespire's confidential information, not to promote Bailey's own self-interest and the interest of her future employer, PHL, to the detriment of, and in conflict and competition with, the interests of Homespire.

64.     Bailey breached her duty of loyalty and fiduciary duty to Homespire by misappropriating confidential information of Homespire, soliciting, transferring, and/or diverting actual and prospective customers of Homespire to PHL, and by competing with Homespire, while she was still employed by Homespire.

65.    As a direct and proximate result of Bailey's breaches of her duty of loyalty and fiduciary duty, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT V
### Tortious Interference with James' Employment Agreement
### (Against Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

66.    The allegations of the preceding paragraphs are incorporated herein by reference.

67.    James and Homespire are parties to a valid, enforceable contract in the form of the Employment Agreement with James.

68.    On information and belief, Bailey, Franklin, Kaminsky and PHL were aware of the existence of and/or terms of James' Employment Agreement with Homespire, and its non-solicitation, duty of loyalty and confidentiality provisions.

69.    Bailey, Franklin, Kaminsky and PHL were further aware of the implied duty of loyalty owed by every employee to his/her employer, including James to Homespire.

70.    Bailey, Franklin, Kaminsky and PHL willfully and intentionally caused James to violate and thereby breach the terms of her Employment Agreement with Homespire, and the duty of loyalty owed to Homespire, by, *inter alia*, misappropriating and/or misusing the confidential information of Homespire, soliciting, transferring and/or diverting the actual and potential customers of Homespire to PHL while she was still employed by Homespire.

71.    James did, in fact, violate and breach the terms of her Employment Agreement with, and duty of loyalty owed to, Homespire by, *inter alia*, misappropriating and/or misusing the confidential information of Homespire, soliciting, transferring and/or diverting the actual and potential customers of Homespire to PHL while she was still employed by Homespire, and by soliciting Bailey to leave Homespire.

72.     In interfering with Homespire's contract with James, defendants acted willfully and maliciously and in conscious disregard for the rights of Homespire.

73.     As a direct and proximate result of defendants' tortious interference with James' contract, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT VI
Tortious Interference with Bailey's Employment Agreement and Duty of Loyalty
(Against Kimberly James, Jennifer Franklin, David Kaminsky and PHL)

74.     The allegations of the preceding paragraphs are incorporated herein by reference.

75.     Bailey and Homespire were parties to a valid, enforceable contract in the form of the Employment Agreement with Bailey.

76.     On information and belief, James, Franklin, Kaminsky and PHL were aware of the existence of and/or terms of Bailey's Employment Agreement with Homespire, and its non-solicitation, duty of loyalty and confidentiality provisions.

77.     James, Franklin, Kaminsky and PHL were aware of the implied duty of loyalty owed by every employee to his/her employer, including Bailey to Homespire.

78.     James, Franklin, Kaminsky and PHL willfully and intentionally caused Bailey to violate and thereby breach the terms of her Employment Agreement with Homespire, and the duty of loyalty owed to Homespire, by, *inter alia*, misappropriating and/or misusing the confidential information of Homespire, soliciting, transferring and/or diverting the actual and potential customers of Homespire to PHL while she was still employed by Homespire.

79.     Bailey did, in fact, violate and breach the terms of her Employment Agreement with, and duty of loyalty to, Homespire by, *inter alia*, misappropriating and/or misusing the confidential information of Homespire, soliciting, transferring and/or diverting the actual and potential customers of Homespire to PHL while she was still employed by Homespire.

19

80.     In interfering with Homespire's contract with Bailey, defendants acted willfully and maliciously and in conscious disregard for the rights of Homespire.

81.     As a direct and proximate result of defendants' tortious interference with Bailey's contract, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT VII
Tortious Interference with Business Expectancy and/or Prospective Economic Advantage
(Against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

82.     The allegations of the preceding paragraphs are incorporated herein by reference.

83.     Homespire had a business expectancy in making the loans to the customers identified herein.  This expectancy presented the probability of future economic benefit to Homespire.

84.     James, Bailey, Franklin, Kaminsky and PHL were aware of Homespire's business expectancy in the customers and prospective customers of Homespire that defendants caused to be solicited, transferred and/or diverted to PHL while James and Bailey were still employed by Homespire.

85.     Defendants knowingly and intentionally interfered with Homespire's business expectancy by and through the use of the improper means, methods and actions described herein.

86.     In interfering with Homespire's business expectancies, defendants acted willfully and maliciously and in conscious disregard for the rights of Homespire.

87.     Absent defendants' wrongful conduct and interference, it is reasonably certain that Homespire would have realized the business expectancies.

88.     As a direct and proximate result of defendants' wrongful conduct and interference with Homespire's business expectancies, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT VIII
Aiding and Abetting Breach of Duty of Loyalty and Breach of Fiduciary Duty
(Against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

89.     The allegations of the preceding paragraphs are incorporated herein by reference.

90.     PHL, Franklin and Kaminsky knew that James and Bailey owed a duty of loyalty and/or a fiduciary duty to Homespire while they were still employed with Homespire.

91.     James was aware prior to and after she started working for PHL on April 13, 2020 that Bailey owed a duty of loyalty and/or a fiduciary duty to Homespire while she was still employed by Homespire.

92.     Bailey was aware that James owed a duty of loyalty and/or a fiduciary duty to Homespire while she was still employed by Homespire.

93.     Defendants knew that the conduct of James and Bailey described herein constituted tortious conduct that breached the duty of loyalty and/or the fiduciary duty that James and Bailey each owed to Homespire.  Specifically, defendants enabled, encouraged, aided and abetted and assisted James and Bailey, while James and Bailey were still employed by Homespire, to misappropriate and misuse confidential information of Homespire, and to transfer, solicit and/or divert actual and potential customers of Homespire to PHL.

94.     In enabling, encouraging, aiding and abetting and assisting James and Bailey, while James and Bailey were still employed by Homespire, to misappropriate and misuse the confidential information of Homespire, and to transfer, solicit and/or divert actual and potential customers of Homespire to PHL, defendants acted willfully and maliciously and in conscious disregard for the rights of Homespire and with the intent to harm Homepire.

95.     Franklin's, Kaminsky's and PHL's assistance and encouragement was a substantial factor in causing the tortious conduct asserted herein, which injured Homespire.

96.     As a direct and proximate result of defendants' wrongful conduct and aiding and abetting James and Bailey to breach their duty of loyalty and/or fiduciary duty owed to Homespire, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

**COUNT IX**
Violation of Va. Code §18.2-499
(Against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

97.     The allegations of the preceding paragraphs are incorporated herein by reference.

98.     As demonstrated by the actions alleged herein, James, Bailey, Franklin, Kaminsky and PHL (i) combined, associated, agreed, mutually undertook and/or concerted together for the purpose of willfully and maliciously injuring Homespire in its trade, business or profession by the means and actions described herein, and/or (ii) attempted to procure the participation, cooperation, agreement or other assistance of one another to enter into a combination, association, agreement, mutual understanding or concert to injure Homespire in its trade, business or profession.  Defendants' actions are in violation of Va. Code §18.2-499.

99.     As a direct and proximate result of defendants' violations of Va. Code §18.2-499, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

100.     Pursuant to Va. Code §18.2-500, Homespire is entitled to (i) recover three-fold the damages (including, without limitation, lost profits) it sustained, and the costs of suit, including reasonable attorney's fees, and without limiting the generality of the term, "damages" shall include loss of profits, and (ii) be awarded pendente lite and permanent injunctions.

**COUNT X**
Misappropriation of Trade Secrets – Va. Code §59.1-336, *et seq.*
(Against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

101.    The allegations of the preceding paragraphs are incorporated herein by reference.

102.    The names and contact information of persons solicited by or referred to Homespire for mortgage loans, and that make application for mortgage loans, including the actual and potential customers identified herein, are not generally known to, or ascertainable by proper means by, other persons or entities, and are Homespire's trade secrets.

103.    James and Bailey had access to the identities of the customers and potential customers of Homespire identified herein exclusively during and through their employment with Homespire, and were not authorized or permitted by Homespire to misappropriate, disclose or use such information except for purposes of Homespire's business.

104.    James and Baily wrongfully misappropriated and disclosed Homespire's trade secrets to PHL, Franklin and Kaminsky, who knew or had reason to know that they were acquiring Homespire's trade secrets by improper means, i.e., through persons then employed by Homespire in violation of their duty of loyalty owed to Homespire.

105.    PHL, Franklin and Kaminsky, used the improperly acquired trade secrets of Homespire to the detriment of Homespire, and for the benefit of PHL, Franklin, Kaminsky, James and Bailey.

106.    As a direct and proximate result of defendants' misappropriation and use of Homespire's trade secrets, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

**COUNT XI**
Conspiracy
(Against Kimberly James, Dawn Bailey, Jennifer Franklin, David Kaminsky and PHL)

107.    The allegations of the preceding paragraphs are incorporated herein by reference.

108.     Defendants agreed, conspired and/or otherwise combined to injure Homespire in its business by (i) tortuously interfering in James' and Bailey's agreements with Homespire, (ii) tortuously interfering with Homespire's prospective contracts and business expectancies, (iii) causing James and Bailey to breach their duty of loyalty and fiduciary duty owed to Homespire, (iv) conspiring to injure Homespire's business, and (v) misappropriation of Homespire's confidential information and trade secrets.

109.     In furtherance and/or completion of the agreement, conspiracy or combination, James and Bailey, while they were still employed by Homespire, wrongfully and in breach of the contractual and common law obligations owed to Homespire, did actually misappropriate and misuse Homespires' confidential information and trade secrets and caused customers and prospective customers of Homespire to be solicited by, transferred to and/or diverted to PHL.

110.     Defendants agreement, conspiracy and combination, and the actions taken in furtherance and/or in completion of the conspiracy, were taken willfully and maliciously and in conscious disregard for the rights of Homespire and with the intent to harm Homepire.

111.     As a direct and proximate result of defendants' wrongful conduct, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## COUNT XII
### Unjust Enrichment – PHL

112.     The allegations of the preceding paragraphs are incorporated herein by reference.

113.     PHL has been unjustly enriched as a result of the wrongful misappropriation and misuse of Homespire's confidential information and diversion of Homespire's customers and prospective customers to PHL, and actively and/or passively receiving benefits of monetary income and good will derived from those customers.

114.     It would be unconscionable for PHL to retain such benefits without compensation to Homespire.

115.     Accordingly, equity and good conscience requires disgorgement of the ill-gotten gains that PHL obtained by the wrongful receipt and use of Homespire's confidential information, the breaches of Homespire's duty of loyalty, and diversion of Homespire's customers and prospective customers.

## COUNT XIII
### Respondeat Superior – PHL

116.     The allegations of the preceding paragraphs are incorporated herein by reference.

117.     The actions of Franklin and Kaminsky, and the actions of James on and after April 13, 2020, and the actions of other employees of PHL, to solicit, divert and transfer actual and potential customers of Homespire to PHL, were within the ordinary course of defendants' business and within the scope of their authority in conducting PHL's business.

118.     The actions alleged herein of Franklin and Kaminsky, and the actions of James on and after April 13, 2020, and the actions of other employees of PHL, were actually or impliedly directed by their employer, PHL, and were taken with the intent to benefit or to further the interests of their employer, PHL.

119.     As a direct and proximate result of the actions of Franklin, Kaminsky, James and other employees of PHL, Homespire has suffered (and will continue to suffer) damages and has been forced to incur attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Homsepire Mortgage Corporation, requests that the Court enter judgment in its favor, against defendants:

(i)    as to each Count, against all defendants as pleaded therein, jointly and severally where pleaded against more than one defendant, for actual, compensatory, consequential, special, incidental damages and disgorgement of profits, in an amount of not less than $400,000.00;

(ii)   As to Counts II, IV through XII, for treble, exemplary and/or punitive damages available under Va. Code §18.2-500, Va. Code §59.1-338(B) and common law;

(iii)  temporary and permanent injunctions enjoining James and Bailey from violating their Employment Agreements, including without limitation, Section 5 of the agreements;

(iv)   temporary and permanent injunctions, under common law, equity and/or pursuant to Va. Code §18.2-500 and Va. Code § 59.1-337, enjoining defendants from aiding and abetting Homespire's employees to breach their agreements and common law duties to Homespire, conspiring to injure Homespire's business, misappropriation and use of Homespire's confidential information and trade secrets.

(v)    reasonable attorneys' fees pursuant to Va. Code §18.2-500 and Va. Code §59.1-338.1, and/or as otherwise available at law or equity, and costs of court;

(vi)   prejudgment and post judgment interest at the maximum rate permitted by applicable law;

(vii)  such other and further relief, whether at law or equity, general or specific, to which Homespire may otherwise be justly entitled.

## JURY DEMAND

Plaintiff, Homespire Mortgage Corporation, demands a trial by jury of all claims so triable.

Respectfully submitted,


*/s/ Jeffrey M. Mervis*
_____
Jeffrey M. Mervis, VSB 30794
The Mervis Law Firm, LLC
12505 Park Potomac Avenue, 6th Fl.
Potomac, MD 20854
Tel: 301-762-0020
Fax: 301-762-0229
jmervis@mervislaw.com
Counsel for plaintiff, Homespire Mortgage
Corporation